## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F.B., a pseudonym,<br>T.H., a pseudonym,<br>A.R., a pseudonym,<br>D.M., a pseudonym,<br>W.B., a pseudonym and<br>J.S., a pseudonym,<br>    **Plaintiffs**<br><br>        v.<br><br>**EAST STROUDSBURG<br>UNIVERSITY; ROBERT J. DILLMAN,<br>Individually and as President of<br>East Stroudsburg University; ISAAC<br>W. SANDERS, Individually and as<br>Vice President for University<br>Advancement of East Stroudsburg<br>University; KENNETH BORLAND,<br>Individually and as Provost of East<br>Stroudsburg University; and<br>VICTORIA L. SANDERS,<br>Individually and as Associate<br>Vice President for Special Projects,<br>Diversity and Equity of East<br>Stroudsburg University,<br>        Defendants** | No. 3:09cv525<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is Defendant Isaac Sanders' motion for a more definite statement. The matter has been briefed and is ripe for disposition.

## Background

Plaintiffs' complaint alleges that they were sexually assaulted and harassed by Defendant Isaac Sanders when they were students at Defendant East Stroudsburg University (hereinafter "ESU"). (See generally, Doc. 4, Amended Complaint).[1] At the time Sanders was the

---

[1]The plaintiffs are no longer students at ESU. (Doc. 4, Amended

Vice President for University Advancement and served as Executive Director of the ESU Foundation and Director of Alumni Engagement at ESU. (Doc. 4, Amended Complaint, ¶ 18). Plaintiffs brought suit against the defendants pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; 42 U.S.C. § 1983; 42 U.S.C. § 1985 and 42 U.S.C. § 1986. The complaint identifies plaintiffs with pseudonyms instead of their real names. Defendant Isaac Sanders now moves to have the plaintiffs' identities revealed.[2]

**Jurisdiction**

The plaintiffs invoke this court's federal question jurisdiction under 28 U.S.C. § § 1331, which provides district courts with original jurisdiction of all actions arising under the Constitution, laws or treaties of the United States.[3]

**Discussion**

The issue we must decide is whether the plaintiff's can proceed

---

Complaint ¶ ¶ 8 - 12).

[2]The original complaint was filed in the Court of Common Pleas for Monroe County, Pennsylvania. It was removed to this court on March 20, 2009. (Doc. 1, Notice of Removal). In state court, the plaintiffs moved to proceed anonymously, but the court did not rule on the motion before it was removed to this court. (Doc. 1-3, pg. 55). Plaintiffs filed an amended complaint with this court on April 7, 2009. (Doc. 4). There was no motion to proceed anonymously filed with the amended complaint although the plaintiff's names were not used in the amended complaint.

[3]The plaintiffs also cite 28 U.S.C. § 1333 as a source of this court's jurisdiction. (Doc. 4, Amended Complaint, ¶ 3). The manner in which this statute applies is not clear, however, as it deals with admiralty, maritime and "prize case" jurisdiction.

anonymously in this action.  Generally, the Federal Rules of Civil Procedure demand that litigants provide "the names of all the parties." FED. R. CIV. P. 10(a).  The public nature of lawsuits and the public interest inherent in court cases make open and transparent proceedings imperative to equitable outcomes.  See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998)(explaining that "[l]awsuits are public events.  A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.")(quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

A party's name, however, is not always provided in a lawsuit.  Courts have long recognized that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation, may require that plaintiffs proceed without revealing their true names.  Those federal courts which have ruled on the propriety of anonymous plaintiffs have held that "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party.  Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).  The Ninth Circuit Court of Appeals, for example, has noted that "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . .to protect a person from harassment, injury, ridicule or personal embarrassment." Id. at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981).  The Fourth Circuit

3

Court of Appeals has similarly found that "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials - including identification of parties and witnesses by their real names - should yield in deference to sufficiently pressing needs for party or witness anonymity." James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993).

The Third Circuit Court of Appeals has acknowledged that although not specifically provided for in the Federal Rules of Civil Procedures, it is within the district court's discretion to allow a party to proceed anonymously. The court has explained as follows:

> We acknowledge that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules. Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). Although we have yet to address the issue, the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. See Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992); Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir.), cert. denied, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979).

Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008) (finding that the district court had not abused its discretion in allowing a plaintiff to proceed anonymously where she claimed that she was discriminated against in employment due to having an abortion).

The Third Circuit has not articulated a standard for weighing litigants' efforts to proceed anonymously. Federal courts located within the Third Circuit, however, have held that "[i]n determining whether a party may proceed under a pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that her interests in privacy or security justify pseudonymity." Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001).

They have also articulated factors weighing in favor and against the use of pseudonyms for plaintiffs. Those factors include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 549 (D.N.J. 2006) (quoting Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 467-68 (E.D.Pa.1997)).

Factors that weigh against the use of pseudonyms are: "(1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." Id. at 550 (quoting Id. at 468).

Plaintiffs assert that many of the factors weigh in favor of allowing them to proceed anonymously. With regard to the first factor, plaintiffs indicate that they have taken all steps necessary to keep their identity confidential even from friends and family members. (Doc. 26-2, Motion for

5

leave to proceed anonymously filed in Monroe County at ¶ 4).[4]  This factor, therefore, weighs in plaintiffs' favor.

The second factor examines the substantiality of the reason plaintiffs fear disclosure of their names  Plaintiffs assert that "if they are required to proceed using their true identities and their friends and business associates learn of the events which gave rise to the Complaint, Plaintiffs would be subjected to increased embarrassment, humiliation and emotional distress." (Id. at ¶ 7).  This factor is related to the third factor, that is, the public interest in maintaining confidentiality.  Plaintiffs assert that the public has  interest in protecting the identities of sexual assault victims and allowing them to feel more comfortable suing to vindicate their rights.  (Id. at ¶ 8).  The court finds this argument unconvincing.

The court deals with cases alleging sexual harassment and assault on a regular basis.  In the vast majority of these cases, the plaintiffs file the lawsuit under their own names.  While it is true that plaintiffs may be subjected to embarrassment and emotional distress should they be named, the complaint's allegation are that Defendant Sanders sexually harassed *them*, not that the plaintiffs themselves acted inappropriately. Finding that these allegations are a valid reason to permit a plaintiff to proceed with a pseudonym would open up the court to requests for anonymity each time a plaintiff makes allegations of sexual harassment. Accordingly, we find that this factor does not weigh in favor of the plaintiffs.

Plaintiff does not address the fourth factor, that is whether the case is predominately legal in nature and the public thus has little interest in the litigants' identities.  This factor weighs against the plaintiffs' position.  This

---

[4]Evidently, the defendants are aware of the plaintiffs' identities.

case is fact sensitive, involving allegations against Defendant Sanders. Therefore, the public has more of an interest in knowing who makes these allegations than in a case where purely legal issues are involved.

The fifth factor is whether the plaintiffs will refuse to pursue their case if they are publicly identified. Plaintiffs' opposition brief indicates that "one or more" of the plaintiffs have indicated that they will withdraw from the suit if forced to publicly name themselves. (Doc. 26, Plaintiffs' Opposition Brief at 6). Although, plaintiffs' analysis somewhat vague as they do not indicate which plaintiffs or how many of the plaintiffs will choose not to pursue their claims, we find that this factor weighs in favor of denying the defendant's motion.

The sixth factor is whether the defendant has illegitimate ulterior motives. Plaintiffs assert that Defendant Sanders' motive in moving for the identification of the plaintiffs is to "further victimize them and to continue his coercive efforts to have Plaintiffs discontinue their pursuit of these claims against him." (Doc. 26, Plaintiffs' Opposition Brief at 6). We will not, however, assume an improper motive on the part of the defendant.

As set forth above, several factors weigh in plaintiffs' favor and some in the defendant's favor. Overall, we find that the balance favors granting the defendant's motion. While we are sympathetic to the plaintiffs' position, we find that their concerns are not so extraordinary as to outweigh the inherent public interest in transparent judicial proceedings. The circumstances of this case are not similar to others where courts have found that plaintiffs could proceed anonymously. Plaintiffs have proceeded anonymously because they feared that revealing their true identities would lead to physical violence, deportation, arrest in their home countries and

7

retaliation against the plaintiffs' families for bringing suit. <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1063 (9th Cir. 2000). Courts have also allowed children who were undocumented immigrants to proceed without revealing their true names when they sought to overturn a law that prevented their access to schools in Texas. <u>Plyler v. Doe</u>, 457 U.S. 202 (1982). Women seeking abortions as a time when they were generally illegal also received leave to proceed using pseudonyms. <u>See Roe v. Wade</u>, 410 U.S. 113 (1973). Courts have likewise allowed those suffering from mental illness to use pseudonyms. <u>See, e.g.</u>, <u>Doe v. Colautti</u>, 592 F.2d 704 (3d Cir. 1979). Children bringing a controversial challenge to a school-sponsored religious program also proceeded anonymously in the face of threatened harm for their views. <u>Doe v. Stegall</u>, 653 F.2d 180 (5th Cir. 1981).[5]

Plaintiffs argue that they only brought this action because Defendant Sanders victimized them, therefore, it is appropriate for the defendant to be named while they are anonymous. The allegations against Defendant Sanders are at this point merely allegations. As defendant argues, it is he, not the plaintiffs, who is disgraced if the complaint's allegations are ultimately found to be true. Plaintiffs do not allege that they will be physically harmed, deported or arrested if they are named. At most, they

---

[5]Plaintiffs cite <u>Doe v. Evans</u>, 202 F.R.D. 173 (E.D. Pa. 2001) in support of their position. <u>Doe</u> dealt with several plaintiffs who alleged that they were sexually assaulted by a state police officer. We note that this case dealt with a state police officer and the court found that the public has an interest in "protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved." <u>Id.</u> at 176. The instant case, however, does not involve law enforcement officers.

allege that they will be embarrassed and humiliated.  We find that such harm is not sufficient to justify allowing them to proceed anonymously.  We will thus grant the defendant's motion.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F.B., a pseudonym,<br>T.H., a pseudonym,<br>A.R., a pseudonym,<br>D.M., a pseudonym,<br>W.B., a pseudonym and<br>J.S., a pseudonym,<br>        **Plaintiffs**<br><br>    v.<br><br>**EAST STROUDSBURG UNIVERSITY; ROBERT J. DILLMAN, Individually and as President of East Stroudsburg University; ISAAC W. SANDERS, Individually and as Vice President for University Advancement of East Stroudsburg University; KENNETH BORLAND, Individually and as Provost of East Stroudsburg University; and VICTORIA L. SANDERS, Individually and as Associate Vice President for Special Projects, Diversity and Equity of East Stroudsburg University,**<br>        **Defendants** | No. 3:09cv525<br><br>(Judge Munley) |

## ORDER

      **AND NOW**, to wit, this 7th day of July 2009, Defendant Isaac Sanders' supplemental motion for a more definite statement is hereby **GRANTED**.  The plaintiffs are directed to file a second amended complaint within ten (10) days without using pseudonyms.  The motions to dismiss that have been filed will be construed as being filed against the second amended complaint as the only change in the complaint will be the use of the plaintiffs' names.

                                   **BY THE COURT:**

                                   **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**