IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANTZ BERNARD, et al., | : |
| Plaintiffs | : |
| v. | : 3:09-CV-00525 |
| | : (JUDGE MARIANI) |
| EAST STROUDSBURG UNIVERSITY, et al., | : |
| Defendants | : |

## MEMORANDUM OPINION

Plaintiffs Frantz Bernard, Timotheus Homas, Anthony Ross allege violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. (Doc. 28).

On May 17, 2013, Defendants, East Stroudsburg University (ESU), Robert J. Dillman, Kenneth Borland and Victoria L. Sanders (collectively hereinafter the University Defendants) moved for summary judgment on all of Plaintiffs' claims. (Doc. 93). Defendant Isaac Sanders also moved for summary judgment on all Plaintiffs' claims pertaining to him. (Doc. 128). The Court will address the University Defendants' and I. Sanders' motions in separate opinions.

On October 11, 2013, the University Defendants filed a Motion to Strike Or, In the Alternative, to Object to Facts Not Supported By Admissible Evidence Pursuant to

Fed.R.C.P. 56(c)(2). (Doc. 121). The parties have fully briefed the motion, and it is ripe for decision.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). Evidence produced in support or in opposition to a summary judgment motion must be in a form "as would be admissible at trial and thus must be 'reducible to admissible evidence.'" *Williams v. West Chester*, 891 F.2d 458, 466 n.12 (3d Cir. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Nonetheless, "the Supreme Court has rejected the view that 'the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). The evidence must only be "capable of being admissible at trial" to be considered on a motion for summary judgment. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1234 (3d Cir. 1993).

Here, University Defendants' Motion to Strike challenges the admissibility of certain statements and allegations relied upon by Plaintiffs in their Response to the University Defendants' Statement of Material Facts (Doc. 109) and Plaintiffs' supporting Memorandum of Law (Doc. 107-2).

The University Defendants put at issue the following statements and allegations:

1. Verified statement of Sinclair Skinner

2. Certain allegations in Randy Nelson's verified statement and deposition

3. Vincent Dent's statement and Plaintiffs' allegations regarding I. Sanders' application of ointment to Pryor's genitals

4. Allegation regarding a "sex-ring" in Teresa Werkheiser's verified statement and deposition

5. Bernard's allegations in his deposition that I. Sanders' inappropriate conduct with ESU Students was "generally known around campus"

6. Charmaine Clowney's opinions and beliefs regarding ESU's policies

7. Plaintiffs' allegations that Dillman knew of I. Sanders' misallocation and improper use of foundation funds

While the statements could possibly meet the admissibility standards, we have reservations that ultimately the statements could be presented in such a manner as to be admissible at trial. However, the Court's Memorandum Opinion granting University Defendants' Motion for Summary Judgement and the Court's Memorandum Opinion granting in part and denying in part Isaac Sanders' Motion for Summary Judgment, encompassed a review of the statements at issue as part of its summary judgment analysis in determining whether there were genuine issues of material fact for trial. This was the case for each statement, even in the circumstance that a particular statement, such as that

of Sinclair Skinner, is not made reference to in either of the Court's opinions. For this reason, the Court will deny University Defendants' motion.[1] A separate order follows.

Robert D. Mariani
United States District Court Judge

---

[1] Our reasons for considering each statement referenced in the Court's Opinions are set forth at length in the Court's Memorandum Opinion granting University Defendants' Motion for Summary Judgement and the Court's Memorandum Opinion granting in part and denying in part Isaac Sanders' Motion for Summary Judgment.

4